# EXHIBIT B

```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  SHERI PYM
    Assistant United States Attorney
 3  Chief, Riverside Office
    ANTOINE F. RAPHAEL (Cal. State Bar No. 214919)
 4  Assistant United States Attorney
    Deputy Chief, Riverside Office
 5       3880 Lemon Street, Suite 210
         Riverside, California 92501
 6       Telephone:  (951) 276-6246
         Facsimile:  (951) 276-6202
 7       E-mail: Antoine.Raphael@usdoj.gov

 8  Attorney for Plaintiff
    United States of America
 9
```

10                    UNITED STATES DISTRICT COURT

11                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. ED CR 09-78-VAP |
|---|---|
| Plaintiff, | ) <u>GOVERNMENT'S SENTENCING</u> <u>POSITION STATEMENT</u> |
| v. | ) Sentencing Date: Mar. 29, 2010 |
| PAULA M. MCMANNIS, | ) Time: 9:00 a.m. |
| Defendants. | ) Place: Courtroom of the Hon. Virginia A. Phillips |

    Pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure, plaintiff United States of America hereby submits its position regarding the sentencing of defendant Paula M. McMannis ("defendant").  As set forth below, the government agrees with the criminal history calculation set forth in the Presentence Report ("PSR").  With regard to the offense level calculation, the government agrees with the PSR that defendant's base offense level is 28 and that defendant should receive a two-level downward adjustment under the safety valve provisions of the Sentencing Guidelines.  However, as set forth below, the government submits that defendant should receive a four-level

downward variance under 18 U.S.C. § 3553(a), and not two levels as recommended in the PSR. This places defendant in criminal history category I and a total offense level of 19 (sentencing range of 30 to 37 months under the Sentencing Guidelines). The government submits that a sentence of 30 months, the low end of the Sentencing Guidelines range, is warranted and reasonable in this case.[1]

### The Charge and Guilty Plea

On November 30, 2009, defendant pleaded guilty, pursuant to a plea agreement, to Count One of the indictment charging her with distribution of oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Sentencing is currently set for March 29, 2010 at 9:00 a.m.

### The Facts Of The Case[2]

From early 2007 until April of 2009 defendant was illegally and unlawfully distributing oxycodone pills, a schedule II controlled substance. Defendant would obtain oxycodone prescriptions in her name. After filling those prescriptions, defendant would then turn around and sell the oxycodone pills to others for money. Defendant would also obtain oxycodone pills from others then turn around and sell those pills. Defendant would often sell the pills out of her home in Lake Elsinore.

Between 2007 and April of 2009, defendant knowingly and

---

[1] The Probation Officer has recommended a sentence of 37 months, the low end of the Sentencing Guidelines range based on criminal history category I and a total offense level of 21.

[2] The facts are based on the factual basis stipulated to in the plea agreement and at the change of plea hearing.

```
 1  unlawfully distributed 854 pills of 80 mg oxycodone.  Those 854
 2  pills that defendant illegally distributed include fifty pills
 3  that defendant sold to an undercover FBI informant on three
 4  separate occasions in April 2009.
```

### The PSR's Guidelines Calculations

```
 6       The Probation Office has determined that defendant's total
 7  offense level is 23, based on a base offense level of 28
 8  (U.S.S.G. § 2D1.1(c)(6), a two-level decrease because defendant
 9  met the safety valve requirements (U.S.S.G. §§ 2D1.1(b)(11),
10  5C1.2(a)), and a three level decrease for acceptance of
11  responsibility (U.S.S.G. §§ 3E1.1(a),(b)).  Additionally, the
12  Probation Officer is recommending that defendant receive a two-
13  level downward variance under 18 U.S.C. § 3553(a), thus placing
14  defendant in offense level 21.  The Probation Officer also found
15  that defendant has amassed no criminal history points, and thus
16  falls in criminal history category I.[3]  Based on an offense level
17  of 21 and criminal history category I, the Probation Officer has
18  recommended a sentence of 37 months (the low end of the
19  Sentencing Guidelines range).
```

### The Government's Guidelines Calculation

```
21       The government agrees with the Guidelines calculations in
22  the PSR.  The government notes that defendant has met the safety-
23  valve requirements under U.S.S.G. § 5C1.2(a) and is thus eligible
24  to receive a two-level downward adjustment.  Specifically,
25  defendant does not have more than 1 criminal history point,
```

---

[3] Although defendant has a somewhat extensive criminal history, she has amassed no criminal history points due to the dated nature of her convictions.

defendant did not use violence or threats of violence, the investigation has not revealed that the offense resulted in serious bodily injury or death, the defendant was not an organizer/leader, and the defendant has truthfully provided all information that she knows about the offense. Additionally, as set forth below, the government recommends that defendant receives a four-level downward variance under 18 U.S.C. § 3553(a), thus placing defendant in offense level 19 (and not 21 as recommended in the PSR). With an offense level of 19 and a criminal history category I, the government recommends a sentence of 30 months (the low end of the Sentencing Guidelines range).

## 18 U.S.C. § 3553(a) Considerations

The factors to be considered in imposing sentence, in relevant part, are as follows:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed–

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

```
 1              (3)  the kinds of sentences available;
 2              (4)  the kinds of sentence and the sentencing
 3         range established for-
 4                   (A)  the applicable category of offense
 5              committed by the applicable category of defendant
 6              as set forth in the guidelines . . .
 7                                  * * *
 8              (6)  the need to avoid unwarranted sentence
 9         disparities among defendants with similar records who
10         have been found guilty of similar conduct; and
11              (7)  the need to provide restitution to any
12         victims of the offense.
```

18 U.S.C. § 3553(a). The government will not discuss each of these factors in detail here, but will discuss those that seem most pertinent in this case.

First, Section 3553(a) provides for the Court to consider the offense itself, both "the nature and circumstances of the offense[s]," (18 U.S.C. § 3553(a)(1)), and the need for the sentence imposed "to reflect the seriousness of the offense[s], to promote respect for the law, and to provide just punishment for the offense[s]." 18 U.S.C. § 3553(a)(2)(A). Oxycodone is a strong opiate-based drug that is highly addictive. As a prescription drug, oxycodone (with its common brand name Oxycontin) has become the drug of choice for many addicts, sometimes contributing to serious injury or death. Defendant brought Dr. Albert into her home and used Albert to obtain oxycodone pills for her own use and to sell the pills to others. Additionally, defendant obtained oxycodone pills from at least

1 one other doctor and others who had prescriptions for the pills.
2 During a period of two years, defendant unlawfully distributed
3 854 pills of oxycodone. Defendant often distributed the pills
4 out of her home, the same home where she lived with her family.
5 A sentence of 30 months reflects the seriousness of defendant's
6 conduct and is warranted in this case.
7     Second, Section 3553(a) provides for the Court to consider
8 the defendant, including her history and circumstances.
9 Specifically, the Court is to consider "the history and
10 characteristics of the defendant," (18 U.S.C. § 3553(a)(1)), and
11 also is to consider the need for the sentence imposed "to afford
12 adequate deterrence to criminal conduct" and "to protect the
13 public from further crimes of the defendant." 18 U.S.C.
14 § 3553(a)(2)(B), (C). Although defendant has a long criminal
15 history, including drug convictions, she has no criminal history
16 points due to the dated nature of her convictions. Defendant's
17 last conviction was in July 1993.
18     The government believes that there are several factors that
19 warrant a four-level downward variance in offense level. First,
20 since she was arrested, defendant has made an effort to tell the
21 government everything she knows about her involvement in this
22 case. Defendant spoke to the agents when she was first arrested;
23 additionally, defendant and her attorney met with the government
24 on several occasions to provide information. The government
25 believes that defendant has made a genuine and good faith effort
26 to tell the government everything she knows. Although at this
27 time, the information does not rise to the level of making
28 defendant eligible for a downward departure motion under U.S.S.G.

§ 5K1.1, it is a factor that weighs in favor of the defendant under Section 3553(a). Additionally, as a condition of pretrial supervision, defendant was ordered and successfully completed a six-month residential substance abuse program. The government agrees with the Probation Officer's assessment that defendant's involvement in the instant offense centers around her need to supply herself with drugs. Accordingly, a four-level downward variance under Section 3553(a) is appropriate in this case. A sentence as recommended by the government will serve as deterrence to this defendant and to others in the community who might consider committing a similar crime. It is important that potential offenders recognize that the illegal distribution of prescription drugs, especially strong opiates like oxycodone, will be punished.

Third, Section 3553(a) provides for the Court to consider the sentencing range established under the Sentencing Guidelines. 18 U.S.C. § 3553(a)(4). In this case, defendant's Sentencing Guidelines range is properly calculated as 46 to 57 months with safety-valve and acceptance of responsibility (without the four-level variance under the 3553(a) factors).

///

## Conclusion

The government respectfully requests that defendant be sentenced as follows:

| | |
|---|---|
| Imprisonment: | 30 months |
| Supervised Release: | 6 years, on the terms recommended by the Probation Office |
| Special Assessment: | $100 |
| Fine: | $0 (based on inability to pay) |

The government respectfully requests the opportunity to supplement its position as may become necessary.

Dated: March 8, 2010                Respectfully Submitted,

ANDRÉ BIROTTE JR.
United States Attorney

SHERI PYM
Assistant United States Attorney
Chief, Riverside Office


/s/ (electronically signed)
ANTOINE F. RAPHAEL
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

# United States District Court
## Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No.   ED CR 09-00078VAP |
| **Defendant**   PAULA M. MCMANNIS | Social Security No.  9  6  6  2 |
| akas:   None | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 06 | 21 | 2010 |

| | | |
|---|---|---|
| **COUNSEL** | ☒ WITH COUNSEL | DAVID PHILLIPS, CJA |
| | | (Name of Counsel) |
| **PLEA** | ☐ **GUILTY,** and the court being satisfied that there is a factual basis for the plea. | ☐ **NOLO CONTENDERE**     ☐ **NOT GUILTY** |
| **FINDING** | There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of: Distribution of a Controlled Substance, in Violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), as charged in Count One of the Indictment. | |
| **JUDGMENT AND PROB/ COMM ORDER** | The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: | |

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately.

Pursuant to U.S.S.G. § 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Paula M. McMannis, is hereby committed on Count One of the Three-Count Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of 30 months.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of six years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed ten tests per month, as directed by the Probation Officer;

3. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath, and sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision;

USA vs.   PAULA M. MCMANNIS　　　　　　　　　　　Docket No.:   ED CR 09-00078VAP

4. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug and alcohol dependency to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer;

5. During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment; and

6. The defendant shall cooperate in the collection of a DNA sample from the defendant.

It is further ordered that the defendant shall surrender herself to the United States Marshals Service, located at United States Court House, 3470 Twelfth Street, Room G-122, Riverside, CA 92501, on or before 12:00 Noon, Tuesday, July 6, 2010.

On Government's motion, the remaining counts, ORDERED dismissed.

DEFENDANT INFORMED OF RIGHT TO APPEAL.

THE BOND IS ORDERED EXONERATED UPON THE DEFENDANT'S SURRENDER TO CUSTODY.

The Court RECOMMENDS that the defendant be placed at a Bureau of Prisons facility in the Southern California area that will allow the defendant to participate in the 500 Hour Drug Program.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

June 24, 2010
Date

HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

June 24, 2010
Filed Date

By   M. Dillard
Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

| USA vs. PAULA M. MCMANNIS | Docket No.: ED CR 09-00078VAP |
|---|---|

1. The defendant shall not commit another Federal, state or local crime;
1. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
14. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
15. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

USA vs.   PAULA M. MCMANNIS                              Docket No.:   ED CR 09-00078VAP

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
　at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____     By _____
Date                                              Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court
By

| USA vs. | PAULA M. MCMANNIS | Docket No.: | ED CR 09-00078VAP |
|---|---|---|---|

_____   _____
Filed Date                                    Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
              Defendant                                           Date


_____                          _____
U. S. Probation Officer/Designated Witness       Date